IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME REED, | ) | CASE NO. 1:10 CV 817 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MAGGIE BEIGHTLER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Jerome Reed for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Reed is currently incarcerated at the Marion Correctional Institution in Marion, Ohio.[3]  He is serving a seven and one-half year term in prison imposed after pleading guilty in Cuyahoga County Common Pleas Court to four counts of theft; four counts of receiving stolen property; and two counts each of burglary, attempted burglary, and forgery.[4]

---

[1] ECF # 5.

[2] ECF # 1.

[3] *Id.* and Offender Search Detail Jerome Reed, The Ohio Department of Rehabilitation and Correction (June 20, 2011, 9:00 AM), http://www.drc.ohio.gov/OffenderSearch/Search. aspx.

[4] ECF # 8 (state court record) at 64.  Reed's petition for writ of habeas corpus lists the offenses involved as: "Burglary, Theft, Burglary, Theft, Burglary, Theft, Theft, RSP, Burglary, Forgery, RSP, Theft, Misuse Credit Cards, Taking Identity of Another, RSP, Misuse Credit Cards, Theft, RSP."

In his petition Reed has raised three grounds for habeas relief.[5]  The State asserts that two of the three grounds should be dismissed as procedurally defaulted, and the remaining ground should be denied on the merits.[6]  As will be more fully developed below, I do not recommend finding that Reed procedurally defaulted on any of his grounds but will recommend that Reed's three grounds for relief should be denied on the merits.

## Facts

**A.    Plea agreement and sentencing hearing**

The following basic facts were found[7] by the Ohio appeals court on its review of the record.[8]  Reed was indicted in four separate cases[9] from July 2006 through December 2006.[10]  In total the indictments included five counts of theft; four counts of receiving stolen property; four counts of misuse of credit cards; two counts each of forgery, burglary and attempted burglary; breaking and entering, and passing bad checks.[11]

---

[5] ECF # 1.

[6] ECF # 8 at 9.

[7] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C.§ 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[8] ECF # 8, Attachment (state court record) at 62 (appeals court opinion).

[9] Case Nos. CR06-483085, CR06-485130, CR06-48550, CR06-490333.

[10] ECF # 8, Attachment (state court record) at 64.

[11] *Id.*

Reed entered into a plea agreement on all four cases. He pled guilty to four counts of theft; four counts of receiving stolen property; and two counts each of burglary, attempted burglary, and forgery.[12]  Reed acknowledged that he understood by entering a plea of guilty he would be waiving certain rights.[13]

At the sentencing hearing on April 27, 2007, the trial court considered a psychiatric examination of Reed by the court psychiatric clinic, the testimony of Reed and his brother Sam Reed, and Reed's criminal background.[14]  After hearing the relevant information under the purposes and principles of sentences outlined in Ohio Revised Code § 2929.11, the trial court, based on the plea entered in these four separate cases, sentenced Reed to three consecutive two-year terms.[15]  The trial court also found that because Reed committed the

---

[12] *Id.*

[13] *Id.*, Attachment (plea and sentencing transcript) at 132-36.

[14] *Id.*, at 174.

[15] In Case No. CR06-483085 Reed was sentenced for pleading guilty to aggravated theft (twelve months), two counts of receiving stolen property (twelve months each), attempted burglary (two years) and forgery (twelve months), which run concurrent and impose a prison sentence of two years. In Case No. CR06-485130 Reed was sentenced for pleading guilty to burglary (two years) and theft and aggravated theft (twelve months), which run concurrent and impose a prison sentence of two years. The prison sentence in Case No. CR06-483085 and the prison sentence in Case No. CR06-485130 are to run consecutively. In Case No. CR06-48550 Reed was sentenced for pleading guilty to burglary (two years), theft and aggravated theft (twelve months), which run concurrent and impose a prison sentence of two years. The prison sentence in Case No. CR06-48550 is to run consecutively with both Case Nos. CR06-485130 and CR06-483085. In Case No. CR06-490333 Reed was sentenced for pleading guilty to two counts of receiving stolen property (twelve months each) and theft and aggravated theft (twelve months), which run concurrent and also run concurrent with the previous cases. ECF # 8, Attachment (state court record) at 11-15 (common pleas journal entry for sentencing hearing).

offenses while under sanction of community control with the same court and Reed's criminal history, consecutive sentences were in order because of the number, volume, and likelihood of these crimes.[16]  Also the trial court sentenced Reed on Case No. CR06-459410, a violation of probation, to eighteen months.[17]

## B.    Direct Appeal

### 1.    *The court of appeals*

Reed, having failed to timely appeal his convictions and sentences, filed a *pro se* joint notice of appeal and motion for delayed appeal to the Eighth District Court of Appeals, Cuyahoga County.[18]  The court of appeals granted Reed's motion and appointed Jeffrey Froude as counsel for appeal.[19]  In his appeal Reed alleged three assignments of error:[20]

---

[16] ECF # 8 (plea and sentencing transcript) at 181-82.

[17] *Id*. at 64.  The trial court judge had previously placed Reed on probation which Reed violated due to the cases mentioned above and was the reason for imposing the consecutive sentence.  Also before Reed entered into his plea agreement in March 2007, the trial court judge informed Reed (and Reed acknowledged understanding) that by violating his probation he may be subject to additional penalties which could run consecutively.  *Id*. at 131.

[18] ECF # 8 (state court record) at 16-18.  As noted Reed was sentenced on April 27, 2007.  *Id*. at 10-15.  He did not file his joint motion for extension of time and notice of appeal until July 8, 2008.  Under Ohio App. Rule 5(A), a party may file a motion for extension of time if the appellant fails to file an appeal within the thirty days prescribed by Rule 4(A) and sets forth the reasons for the failure of the appellant to perfect an appeal as of right.  *See also*, *Anderson v. Warden*, No. 5:09CV671, 2010 WL 1387504, at *2 (N.D. Ohio March 9, 2010).

[19] ECF # 8 at 19-20.  Reed was represented by Thomas Shaughnessy at his plea and sentencing hearing.  *Id*. (plea and sentencing transcript).

[20] *Id*. (state court record) at 24.

Assignment of Error 1: The trial court erred in sentencing defendant to consecutive prison terms.[21]

Assignment of Error 2: The trial court erred in accepting a guilty plea as being made knowing, intelligently and voluntarily.[22]

Assignment of Error 3: Defendant was denied effective assistance of counsel.[23]

The State filed a brief in response,[24] and Reed filed a reply.[25] The court of appeals found all of Reed's assignments of error were without merit and upheld the trial court's findings and sentencing on May 14, 2009.[26] Reed then filed a *pro se* motion for reconsideration on May 25, 2009, that the court of appeals denied on June 8, 2009.[27]

---

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* at 34-44.

[25] *Id.* at 51-61.

[26] *Id.* at 62-75. The court of appeals only reviewed the three two-year consecutive sentencing cases. Reed failed to include Case No. CR-459410 (the 18-month sentence for probation violation) in his notice of appeal. Therefore, the appellate court did not have jurisdiction to review a judgment that was not in the notice of appeal. *State v. Stewart*, No. 86411, 2006 WL 440153 (Ohio Ct. App. Feb. 23, 2006).

[27] *Id.* at 76-80. A motion for reconsideration under Ohio Appellate Rule 26(A) must be filed within ten days of the court's decision. Reed's failure to file a timely motion resulted in denial of the motion by the court of appeals. *See also*, *State v. Hess*, No. 02 JE 36, 2004 WL 500825, at *1 (Ohio Ct. App. March 12, 2004).

**2.**      *The Supreme Court of Ohio*

Reed *pro se* filed a timely appeal to the Ohio Supreme Court.[28]  In his memorandum in support of jurisdiction,[29] Reed set forth three propositions of law:

1.      Ohio Revised Code 5145.01 provides for mandatory concurrent sentences unless the provision of Ohio Revised Code 2929.14 and 2929.41 are met.  The Ohio Supreme Court excised those provisions in *State of Ohio v. Foster*, 2006-Ohio-856.  May a trial court issue consecutive prison terms?[30]

2.      Manifest injustice would occur in that the appellant has not made a voluntary plea as is required by the constitution.  The court failed to explain to the appellant his rights under Crim Rule 11(C)(2)(C) and the nature and circumstances of the offense to which he pled....  Where the rule is complied with during the plea hearing, a presumption exists that the plea is voluntarily entered. However, where the record viewed in its totality reveals that the defendant was confused and hesitant, the plea must be voided.[31]

3.      Defendant herein has demonstrated ineffective assistance of counsel and that his attorney performance was indeed deficient and prejudiced which falls below an objective standard of reasonable representation in

---

[28] *Id.* at 81-92.  Reed's notice of appeal with the Ohio Supreme Court was filed on July 1, 2009.  *Id*. at 81.  To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.  *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[29] *Id.* at 84-92.

[30] *Id.* at 90.

[31] *Id*. at 86.

the court of law.  In *State v. Lavender*[32] the court said, prejudice that arises from counsel's performance [is proven if it meets the test in *State v. Day*[33]] was deficient in the present case precluding the defendant from entering the plea knowingly and voluntarily.[34]

The State filed a memorandum in response.[35]  On September 30, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional claim.[36]  Reed did not seek a writ of certiorari from the Supreme Court of the United States.[37]

## C.    Post-conviction motions

The trial court filed an entry denying Reed's *pro se* motion for modification of sentencing on May 4, 2007.[38]  Reed filed another motion to reconsider and/or modify

---

[32] *State v. Lavender*,  No. 2000-L-49, 2001 WL 1647134 (Ohio Ct. App. Dec. 21, 2001) (unreported).  While this is a State case, the requirements for ineffective assistance of counsel as discussed in *Strickland v. Washington*, 466 U.S. 668 (1984), are outlined within it.  This will also be further discussed.

[33] *State v. Day*, No. 89777, 2008 WL 3586899 (Ohio Ct. App. Aug. 14, 2008).

[34] ECF # 8, Attachment at 87.

[35] *Id.*, at 107-12.

[36] *Id.*, at 113.

[37] ECF # 1.

[38] ECF # 8, Attachment at 114-17.  The trial court interpreted a letter from Reed to the court as a *pro se* motion for modification of sentence.  The motion was denied due to Reed's criminal history, pattern of theft offenses, and multiple cases, which justify the imposition of consecutive sentences.  *Id.*

sentence on September 21, 2007.[39]  The record does not show that the trial court ruled on that motion.[40]

**D.     Federal habeas petition**

*1.     The petition*

Reed  *pro se* timely filed[41] the present petition for federal habeas relief raising three grounds for relief:

Ground one:  Consecutive prison term.

Supporting Facts:  Consecutive sentence Defendant received is contrary to law.[42]

Ground two:  Accepting guilty plea.

Supporting Facts:  Plea deal is based on a sentencing package. The plea deal was coerced.[43]

---

[39] *Id.*, at 118-20.

[40] Although the trial court has not entered a response to Reed's motion, having already denied a letter interpreted to be a motion on May 4, 2007, it is clear that the trial court would respond in the same way to Reed's second motion for the same reasons the first was denied: "Reed's criminal history, pattern of theft offenses, and multiple cases which justify the imposition of consecutive sentence." *Id.*, at 113-17.

[41] This petition was docketed at this Court on April 20, 2010, ECF # 1 at 1, which, as noted, is within one year of the Ohio Supreme Court denying Reed leave to appeal and dismissing the appeal.  Thus, even without determining when Reed signed the petition and placed it in the prison mail system (*see*, *e.g.*, *id.* at 7, which Reed signed on April 16, 2010), or affording Reed 90 days for seeking a writ of certiorari, regardless of whether he actually did so, *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), this petition was filed within the one-year limitations period set by 28 U.S.C. § 2254(d)(1).

[42] ECF # 1 at 4.

[43] *Id.*

-8-

Ground three:  Ineffective assistance of counsel.

Facts:  Counsel's performance fell below the standard for representation as his client pled guilty to a "package deal."[44]

## 2.    *The return of the writ*

The State filed a return of writ,[45] wherein it argues that:  (1) grounds two and three are procedurally defaulted as not fairly presented to all state courts;[46] (2) grounds two and three were not exhausted before the Ohio Supreme Court, and Reed failed to argue cause and prejudice for the procedural default;[47] (3) ground one, the Supreme Court and the Sixth Circuit have rejected the claim that the imposition of consecutive sentences through fact-finding violates the Sixth Amendment right to a jury trial;[48] (4) ground two, the record demonstrates that the (sic) Reed knowingly, voluntarily and intelligently pleaded guilty to a plea package; the record shows no indication of coercion or that the plea package deal was actually a sentencing package;[49] and (5) ground three, Reed's counsel was constitutionally effective; Reed's counsel adequately represented Reed during his plea hearing.[50]

---

[44] *Id*. at 5.

[45] ECF # 8.

[46] *Id*. at 9.

[47] *Id*.

[48] *Id*. at 12.

[49] *Id.* at 13.

[50] *Id*. at 18.

*3.* ***Traverse***

In his traverse,[51] Reed requests that the Court disregard any misstatements or error made in his petition for writ of habeas corpus because he lacked both legal knowledge and time.[52]  In response to the State's statements, Reed argues regarding ground one:  "that the violation is not necessarily a Sixth Amendment violation as stated by the Respondent, but a violation of Federal due process protections by the state-court's application of state law in a manner violative of Federal due process."[53]  In response to the State's opposition to grounds two and three:  "Regardless of what any defendant pleads guilty to, courts must still sentence in accordance with law, and the fact of the Petitioner's guilty plea does nothing to counter his claim."[54]  Also Reed argues that either counsel failed to inform Reed of all relevant information in securing his plea and thus misled him into entering a guilty plea or the plea agreement was ignored, imposing a longer sentence than what Reed had originally agreed.[55]

---

[51] ECF # 9.

[52] *Id.* at 1.

[53] *Id.*

[54] *Id.* at 3.

[55] *Id.* at 4.

## Analysis

**A.    Preliminary Observations**

Before analyzing this petition, I make the following initial observations:

1.    There is no dispute that Reed is currently in state custody after pleading guilty in an Ohio court and as a result was incarcerated at the time he filed the current petition for federal habeas relief.  Reed satisfies the "in custody" requirement of the federal habeas statute vesting jurisdiction with this Court over the petition.[56]

2.    There is also no dispute that by filing on April 20, 2010, Reed timely filed the petition under the applicable statutory standard.[57]

3.    While this will be more fully discussed, it appears that all claims presented have been totally exhausted in Ohio courts, as required by statute, by fair presentment to those courts through one full round of Ohio's established appeals process as federal constitutional claims.[58]

4.    Reed has not made a request for an evidentiary hearing or for counsel.

**B.    Standards of review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs all

habeas corpus cases filed after the AEDPA's effective date.[59]  The standard of review for

habeas claims is outlined under 28 U.S.C. § 2254(d), which requires that the claims were

---

[56] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984)

[57] 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[58] 28 U.S.C. 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[59] *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009).

"adjudicated on the merits in State court proceedings."[60]  When a state court adjudicates the merits of a claim, the federal court may only grant a writ if the state decision was either contrary to or involved an unreasonable applicable of clearly established law as determined by the United States Supreme Court.[61]  A state court's decision is "contrary to" clearly established federal law if the state court arrived at a conclusion opposite that of a United States Supreme Court decision.[62]  An unreasonable application of clearly established federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it."[63]  If a federal habeas claim was fairly presented to but not adjudicated on the merits by the state courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[64]  Questions of fact will be reviewed for clear error.[65]

## 1.    *Procedural default waiver*

The doctrine of procedural default precludes the federal habeas court from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in

---

[60] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[61] 28 U.S.C. § 2254(d)(1).

[62] *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

[63] *Id.*

[64] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).

[65] *Evans*, 575 F.3d at 564.

-12-

the highest state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[66]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[67]

Additionally, to establish these elements, the state procedural rule must be shown to be (a) firmly established, and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[68]

## 2.    *Fair presentment*

When the procedural default was allegedly caused by the petitioner's failure to fairly present the federal claim in the state courts, the federal court must first determine if the

---

[66] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[67] *Morales v. Mitchell*, 507 F.3d 916, 917 (6th Cir. 2007) (citation omitted).

[68] *Smith v. Ohio Dep't of Rehab & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citation omitted).

habeas claim was presented to the state courts as a federal constitutional claim.[69]  The Sixth Circuit explains that a claim may be considered fairly presented as a federal claim if the petitioner:  (1) relied on federal cases employing constitutional analysis, (2) relied on state cases using federal constitutional analysis, (3) phrased the claim in terms of federal constitutional analysis or in terms sufficiently particular to allege a violation of a specific constitutional right, or (4) alleged facts well within the mainstream of constitutional law.[70]

General allegations of the denial of rights to a "fair trial" or "due process" do not fairly present claims that a specific federal constitutional right was violated.[71]  Similarly, it is not enough that the facts necessary to support the federal claim were presented to the state court or that a similar state law claim was made.[72]  Essentially, the petitioner must present the same theory to the state court as is now presented to the federal habeas court.[73]

### 3.    *Imposition of consecutive prison terms*

The Supreme Court of Ohio in *State v. Foster* struck down Ohio Revised Code §§ 2929.14 and 2929.41, which required trial judges to make factual findings before imposing consecutive sentences.[74]  In doing so, the Court relied on the decision of the

---

[69] 28 U.S.C. §§ 2254(b), (c); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (citation omitted).

[70] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[71] *Id.*

[72] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[73] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

[74] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

Supreme Court of the United States in *Blakely v. Washington*,[75] which held that a state trial court violated the Sixth Amendment's trial by jury guarantee when it imposed an increased sentence based on judicial fact finding.  As a remedy, the *Foster* court severed the sentencing statutes it found unconstitutional, making the provisions of the statutes advisory only, and giving trial courts full discretion to sentence within the statutory range or to impose consecutive sentences without any judicial fact finding.[76]

Thereafter, in 2009, the Supreme Court of the United States ruled that the Sixth Amendment does not preclude a state's practice of requiring a judge to find certain facts before he can sentence a defendant to consecutive, rather than concurrent, terms of imprisonment.[77]  The statute at issue in *Ice* required that sentences run concurrently unless the judge found certain facts outlined in the statute.[78]  The Court declined to find that the imposition of consecutive sentences based on judicial fact finding violated the Sixth Amendment.[79]

---

[75] *Blakely v. Washington*, 542 U.S. 296 (2004).

[76] *Hooks v. Sheets*, 603 F.3d 316, 319 (6th Cir. 2010).

[77] *Oregon v. Ice*, 555 U.S. 160 (2009).

[78] *Id.* at 165.

[79] *Id.* at 168.

-15-

In 2010 the Sixth Circuit considered the constitutionality of the post-*Foster* procedures for the imposition of consecutive sentences in *Hooks v. Sheets*.[80]  The Court held that no Sixth Amendment infirmity existed in those procedures given the rule in *Ice*.[81]

**4.      *Acceptance of guilty plea***

A plea is a waiver of the right to trial before a judge or a jury and, therefore, must be done voluntarily, and also knowingly and intelligently with sufficient awareness of the circumstances and likely consequences.[82]  A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment."[83]

The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[84]  To determine whether a plea is knowing and intelligent, the trial court must ensure that the defendant is aware of the direct consequences of his plea.[85]  Most importantly, the defendant must be aware of the maximum sentence that could be imposed.  In *Hart v.*

---

[80] *Hooks*, 603 F.3d 316.

[81] *Id.* at 321.

[82] *Brady v. United States*, 397 U.S. 742, 748 (1970).

[83] *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[84] *Tansil v. Curtin*, No. 1:05CV592, 2008 WL 4285656, at *5 (W.D. Mich. Sept. 12, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)).

[85] *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).

*Marion Correctional Institution*,[86] the Sixth Circuit held that a plea was not knowing or intelligent when a trial court incorrectly informed a defendant that the maximum sentence was 15 years, when actually it was 75 years.

A defendant's statements on the record during a plea colloquy that he understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing.[87]

The state is usually able to satisfy the burden of proof when a habeas corpus petitioner challenges the validity of his plea by simply producing a transcript of the state court proceeding.[88] Courts are generally wary of a defendant's post hoc claims that he subjectively believed the plea agreement to be different.[89] The plea colloquy process exists to ensure defendants are aware and understand what their pleas mean. If defendants were able to withdraw their pleas, this process would be pointless.[90]

---

[86] *Hart v. Marion Corr. Inst.*, 927 F. 2d 256, 259 (6th Cir. 1991).

[87] *Boyd v. Yukins*, 99 F. App'x 699 (6th Cir. 2004).

[88] *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

[89] *Boyd*, 99 F. App'x 699.

[90] *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).

5.      *Ineffective assistance of counsel*

In *Higgins v. Renico*,[91] the Sixth Circuit re-stated the foundational rubric for reviewing

claims of ineffective assistance of counsel pursuant to the long-standing teaching of

*Strickland v. Washington*:[92]

> Under *Strickland*, a defendant must show both that his counsel's performance
> was seriously deficient and also that he suffered prejudice as a result of such
> deficiency.[93]

The *Higgins* court then discussed the applicable standards for evaluating each prong

of the *Strickland* test. It explained "seriously deficient performance" in the following terms:

> When complaining of his counsel's deficient performance, a convicted
> defendant must show that counsel's representation fell below "an objective
> standard of reasonableness" under "prevailing professional norms." A
> reviewing court must judge the reasonableness of counsel's actions on the
> facts of the defendant's case, viewed from counsel's perspective at the time,
> recognizing that "counsel is strongly presumed to have rendered adequate
> assistance and made all significant decisions in the exercise of reasonable
> professional judgment." In essence, a defendant has the burden of proving by
> a preponderance of the evidence, that "counsel made errors so serious that
> counsel was not functioning as the 'counsel' guaranteed the defendant by the
> Sixth Amendment."
>
> "Because advocacy is an art not a science, ... [counsel's] strategic choices must
> be respected" if they were made after a thorough investigation of the law and
> facts relevant to possible options." Such choices can vary greatly from attorney
> to attorney and from case to case, and reviewing courts must scrutinize these
> choices with a great deal of deference. Indeed, such strategic choices are
> virtually unchallengeable. As explained by the Supreme Court:

---

[91] *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006).

[92] *Strickland*, 466 U.S. 668.

[93] *Higgins*, 470 F.3d at 631.

-18-

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Thus, counsel cannot be adjudged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."[94]

The clearly established federal law of establishing prejudice from deficient performance of counsel was stated by the *Higgins* court as follows:

Even where counsel's performance is deficient, a petitioner is not entitled to habeas relief unless he also demonstrated ensuing prejudice. In evaluating the prejudice suffered by a defendant as a result of his counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Although the defendant need not prove that counsel's deficient conduct more likely than not affected the verdict, the defendant must show that "absent his counsel's error, the court of appeal would have reasonable doubt with respect to his guilt." "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being

---

[94] *Id*. at 631-32 (internal citations omitted).

challenged." In this vein, the court must determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury." A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[95]

Moreover, it is well-settled that a federal habeas court may, as an initial inquiry, consider either the alleged deficiency itself or the claim of prejudice resulting from such deficiency since establishing both prongs is required to grant the writ.[96]

## B.    Application of Standards

### 1.    *Procedural Default and Exhaustion*

*a.    Reed did not procedurally default claims two and three because there is no Ohio Supreme Court rule requiring the court to only consider issues that are labeled as propositions of law.*

The State incorrectly contends that Reed's failure to raise more than one proposition of law in his appeal to the Ohio Supreme Court results in procedurally defaulting claims two and three. As mentioned, the Sixth Circuit has used a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[95] *Id.* at 633-34 (internal citations and parenthetical comments omitted).

[96] *Id.* at 631 n.3.

-20-

(4)  Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[97]

We need to look no further than part one of the test, requiring a state procedural rule to be violated.  The Ohio Supreme Court Rules of Practice require that an appeal of right contain "a brief and concise argument in support of each proposition of law."[98] However there is no rule that each proposition of law be labeled as such. While Reed only labeled one of his claims as a proposition of law, as a *pro se* appellant to the Ohio Supreme Court, his brief is entitled to be read leniently. Considered in that manner, two additional propositions alleging an involuntary guilty plea and ineffective assistance of counsel can be found interwoven within his memorandum in support of jurisdiction.[99] Because Reed has not violated a state procedural rule, he properly exhausted his claims two and three.  It is not the federal courts' duty to interpret state law or procedure; however, it seems clear that no law exists that requires interpretation.[100]

In order for Reed to have procedurally defaulted his claim, he not only had to violate an actual state procedural rule, but also the Supreme Court of Ohio must have enforced the procedural sanction in its judgment.[101]  The Supreme Court of Ohio denied Reed's

---

[97] *Morales*, 507 F. 3d at 917 (citation omitted).

[98] Ohio S. Ct. Prac. R., Rule III § 1(B)(4).

[99] ECF # 8, Attachment (state court record) at 84-92 (memorandum in support of jurisdiction).

[100] *Combs v. Tennessee*, 530 F.2d 695 (6th Cir. 1976).

[101] *Bray v. Andrews*, 640 F.3d 731, 735 (6th Cir. 2011).

memorandum seeking jurisdiction on the basis of a failure to present a substantial constitutional question, not for failure to raise particular clauses as individual propositions of law.[102]  Therefore, he did not procedurally default his claims two and three.

b.     *Reed fairly presented his three claims by alleging facts well within the mainstream of constitutional law and, therefore, they should be reviewed on the merits.*

Reed's claims to the state courts were fairly presented by alleging facts that can be easily understood within well-known constitutional grounds.  The Sixth Circuit does not require a listing of "book and verse" of constitutional claims in a petition in order for such claims to be considered fairly presented for review by district courts.[103]  If a petitioner has provided the necessary facts needed to understand constitutional claims, he has not procedurally defaulted his claim.[104]  Reed's claims should be reviewed based on the merits despite his failure to cite constitutional law and federal cases.  His facts are not vague or general such as a violation of "due process," which has been insufficient to fairly present a constitutional claim.[105]  The facts alleged easily lead me to the conclusion that Reed has raised constitutional claims.

Even though the Ohio Supreme Court declined to review Reed's claims on their merits, that finding does not preclude the Court from doing so.  The Ohio Supreme Court,

---

[102] ECF # 8, Attachment (state court record) at 113 (Supreme Court of Ohio entry).

[103] *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)).

[104] *McMeans*, 228 F.3d at 681 (citation omitted).

[105] *Id*. (citation omitted).

under the Ohio Constitution, has limited jurisdiction.  The class of the case determines the
procedural method employed.  The classes include:  (1) appeals of right, which the court
must hear;[106] (2) discretionary appeals, which the court may accept or refuse for review;[107]
(3) appeals taken directly from certain state administrative agencies by statute;[108] and
(4) cases certified to the court because of conflict between decisions of the courts of
appeals.[109]  As the Sixth Circuit has stated, the petitioner is only required to provide the state
courts with the opportunity to review the factual and legal basis for the claim.[110]  The
exhaustion requirement does not turn on whether the state courts choose not to address a
squarely presented constitutional claim in its opinion.[111]  Reed presented his case to the Ohio
Supreme Court as a discretionary appeal, and, therefore, each of his claims were fairly
presented even though the Court chose not to review his case on the merits.[112]

---

[106] Mark Painter and Andrew S. Pollis, Oh. App. Prac. § 8.1 (2011 Ed.) (citing Ohio Const. Art. IV § 2 (B)(2)(a)).

[107] *Id.* (citing Ohio Const. Art. IV § 2 (B)(2)(e); Ohio Const. Art. IV § 2 (B)(2)(e)).

[108] *Id.* (citing Ohio Const. Art. IV § 2 (B)(2)(d)).

[109] *Id.* (citing Ohio Const. Art. IV § 2 (B)(2)(f); Ohio Const. Art. IV § 2 (B)(4)).

[110] *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009).

[111] *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

[112] ECF # 8, Attachment (state court record) at 113 (Supreme Court of Ohio entry).

2.    *Merits*

a.    *Reed's claim in ground one – that the imposition of consecutive sentences was contrary to law – should be denied because the trial judge did not err in sentencing Reed to three two-year consecutive terms.  The Supreme Court and Sixth Circuit have stated that certain judicial fact finding before the imposition of consecutive sentences does not violate the Sixth Amendment.*

The trial court judge properly sentenced Reed to three consecutive two-year sentences. Although Reed contends that fact finding by the trial judge in imposing his sentence violates *State v. Foster*,[113] this argument fails in light of the Supreme Court decision in *Oregon v. Ice.*[114]

Reed was sentenced in 2007 post-*Foster*.  At the time, Ohio law under *Foster* permitted the imposition of consecutive sentences without any judicial fact finding.  Here the trial court engaged in judicial fact finding before imposing consecutive sentences, a practice permitted by *Foster* as an advisory application of the statutes severed by the *Foster* court.[115]

Applying *Ice*, the Sixth Circuit held in *Hooks* that the imposition of consecutive sentences consistent with the procedures approved in *Foster* does not violate the Sixth Amendment.[116]  Because Reed's post-*Foster* sentencing to consecutive terms conformed to the procedures prescribed by *Foster*, his first ground for relief has no merit.

---

[113] *Foster*, 109 Ohio St. 3d 1, 845 N.E.2d. 470.

[114] *Ice*, 555 U.S. 160.

[115] *Hooks*, 603 F.3d at 319.

[116] *Id.* at 321.

b.     *Reed's claim in ground two – that his guilty plea was invalid – should be denied as the transcript of the plea hearing indicates that Reed knowingly, voluntarily, and intelligently pled guilty to a plea package.  There is also no indication that Reed was subject to coercion or a sentencing package.*

There are five reasons for denying Reed's claim that his guilty plea was invalid: (1) the state court record of the plea colloquy gives no such indication; (2) no federal law requires judges to inform defendants at a plea hearing of the potential imposition of consecutive rather than concurrent sentences; (3) there is no record of error by the sentencing judge or attorney in giving Reed misinformation regarding his plea; (4) Reed's sentences arose out of a plea package and not a sentencing package; and (5) Reed's plea was reasonably given in light of his alternative options.

Reed contends that his guilty plea was not knowingly, voluntarily, and intelligently given.  A defendant must have a "sufficient awareness of the relevant circumstances and likely consequences" of his plea.[117]  The court of appeals found that the trial court complied with the requirements set forth in Ohio Rule of Criminal Procedure 11 in conducting the plea colloquy and, therefore, Reed's plea was voluntary, knowing, and intelligent.  "A federal court may only grant habeas relief when the state court proceeding 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.'"[118]  Considering the state court record, the court of appeals's determination that Reed's plea was knowing, intelligent, and voluntary was reasonable.

---

[117] *Brady*, 379 U.S. at 748.

[118] *McAdoo v. Elo*, 365 F.3d 487, 497 (6th Cir. 2004) (citing 28 U.S.C. § 2254 (d)).

The state court record of the plea colloquy supports this determination. The plea hearing transcript shows that the court was aware that Reed was willing to withdraw his plea of not guilty in accordance with the State's offer.[119] In Reed's presence, his counsel stated that the prosecutor accurately represented the offer negotiated for Reed.[120] The trial judge informed Reed that he should interrupt the hearing at any time if questions arose to ensure that his plea was knowing, intelligent, and voluntary.[121] He agreed to do so.[122] Reed also admitted that he was in violation of probation and was aware of the potential of being sentenced to consecutive prison terms.[123] Reed waived his right to a trial, to call witnesses, and to testify.[124] He also denied being coerced through threats or promises into entering any pleas.[125] The trial court then proceeded to go through each charge, outlining the minimum and maximum sentences, and confirmed Reed's understanding.[126]

---

[119] ECF # 8, Attachment (plea/sentencing transcript) at 129.

[120] *Id.*, at 127.

[121] *Id.*, at 129.

[122] *Id.*

[123] *Id.*, at 131.

[124] *Id.*, at 132-34.

[125] *Id.*, at 135.

[126] *Id.*, at 147-59.

I have found no clearly established federal law requiring trial judges to inform defendants as to consecutive or concurrent sentences for a valid plea to enter.[127]  The trial judge's failure to discuss this subject during the plea colloquy did not render the plea constitutionally infirm.

Reed relies on *State v. Corbin*, where the defendant was incorrectly apprised of the counts against him and the corresponding maximum sentences.[128]  In *Hart v. Marion Correctional Institution*,[129] the Sixth Circuit held that a plea was not knowing and intelligent because the court advised the defendant of the incorrect maximum sentences before accepting his plea.  Here the record contains no misstatement of maximum sentences. *Corbin* and *Hart*, therefore, do not apply.

Finally, contrary to Reed's argument, his sentence arose out of a plea package and not a sentencing package.  Sentences imposed upon convictions for multiple counts of a single indictment constitute a "sentencing package."[130]  Reed was not subject to a sentencing

---

[127] *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982) (citing *Haynes v. Henderson*, 480 F.2d 550 (5th Cir. 1973)).

[128] *State v. Corbin*, 141 Ohio App. 3d 381, 385, 751 N.E.2d 505, 508 (2001).

[129] *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir. 1991).

[130] *United States v. Clements*, 86 F.3d 599, 600 (6th Cir. 1996).

-27-

package because his sentencing was a result of multiple indictments.[131]  The state court of appeals properly found no constitutional infirmity.

> The trial court separately addressed each offense to which Reed pled guilty. Once the court imposed a sentence for each offense, it determined whether the sentences would run concurrently or consecutively.  Thus, the trial court did not apply a sentencing package or enforce an invalid plea agreement.[132]

The fact that Reed was faced with difficult, unattractive, or distasteful options does not render his guilty plea involuntary.[133]  Reed was a defendant in four separate cases totaling twenty counts against him.  Given these circumstances, Reed's decision to plead guilty to only seven counts was a reasonable option and further proved "a voluntary and intelligent choice among the alternate courses of action open to [him].[134]

c.   *Reed's claim in ground three – that his defense counsel was constitutionally ineffective – should here be denied because the Ohio court decision adjudicating this claim was not an unreasonable application of Strickland.*

The Ohio appeals court reviewed the ineffective assistance of counsel claim in light of the clearly established federal law of *Strickland* and found no evidence to support that Reed's counsel misinformed him about possible sentences and allowed him to plead guilty

---

[131] ECF # 8, Attachment (state court record) at 71-72.  The court of appeals explained that Ohio does not apply sentencing packages, a practice engaged in by federal courts. Rather, Ohio courts determine the sentence for each offense separately and then decide if those sentences should run concurrently or consecutively.  *Id.*

[132] *Id.* at 72.

[133] *Tansil*, No. 1:05CV592, 2008 WL 4285656, at *10.

[134] *Hill*, 474 U.S. at 56.

-28-

to an unlawful "package deal."[135]  *Strickland* requires a defendant to show that his counsel's performance was deficient and, as a result of that performance, that there is a reasonable probability that but for counsel's errors he would not have pled guilty.[136]  Deficient performance is defined as falling below an objective standard of reasonableness.[137]

The state court record contains no evidence that Reed's counsel was deficient.[138]  The state appeals court expressly concluded that Reed failed to prove that his counsel was deficient or that he suffered prejudice from the advice received.

> [O]nce the trial court imposed the sentence, Reed could have objected on the record.  He could have informed the trial court that his counsel had failed to advise him that his sentence could be seven and one half years.  His failure to object undermines his claim that his counsel misinformed him about possible sentences.  Finally when he entered his guilty plea, he testified that he was satisfied with his counsel's performance.  Based on the foregoing, Reed has not met his burden to show that his counsel's performance was deficient.
>
> Reed cannot meet the second part of the *Strickland* test either.  He has not proven that he would have proceeded to trial without his counsel's allegedly deficient advice.  Before he pled guilty to each offense, the trial court informed him of the maximum penalties for each charge.  Once he was informed of the possible maximum sentences, he could have asked to go to trial instead.[139]

This conclusion constitutes a reasonable application of the *Strickland* standard to the facts of this record.

---

[135] *Id.*

[136] *Id.* at 52.

[137] *Strickland*, 466 U.S. at 687.

[138] ECF # 8, Attachments (state court record and plea/sentencing hearing transcripts).

[139] ECF # 8, Attachment (state court record) at 73-74.

## Conclusion

For the foregoing reasons, I recommend that the petition of Jerome Reed for a writ of habeas corpus under 28 U.S.C. § 2254 be denied on all three grounds, as more fully detailed above.

Dated:   November 17, 2011                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[140]

---

[140] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).