**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEROME REED, | ) | CASE NO.1:10CV817 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MAGGIE BEIGHTLER, Warden, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Jerome Reed's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

Petitioner was indicted by a Cuyahoga County Grand Jury in 2006 on four separate cases. Petitioner entered into a plea agreement on all four cases. He pled guilty to four counts of Theft; four counts of Receiving Stolen Property; and two counts each of Burglary,

1

Attempted Burglary, and Forgery.  On April 27, 2007, the trial court sentenced Petitioner to three consecutive two-year terms.

On July 8, 2008, Petitioner filed a joint Motion for Extension of Time and Notice of Appeal.  On May 14, 2009, the Court of Appeals found all of Petitioner's assignments of error were without merit and upheld the trial court's findings and sentencing.  Petitioner filed a Motion for Reconsideration on May 25, 2009.  The Court of Appeals denied the Motion on June 8, 2009.

On July 1, 2009, Petitioner filed an Appeal to the Ohio Supreme Court.  On September 30, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the Appeal as not involving any substantial constitutional claim.

On April 20, 2010, Petitioner filed the instant Petition asserting the following Grounds for Relief:

> **GROUND ONE:**  Consecutive prison term.
>
> Supporting Facts:  Consecutive sentence Defendant received is contrary to law.
>
> **GROUND TWO:**  Accepting guilty plea.
>
> Supporting Facts:  Plea deal is based on a sentencing package. The plea deal was coerced.
>
> **GROUND THREE:**  Ineffective assistance of counsel.
>
> Supporting Facts: Counsel's performance fell below the standard for representation as his client pled guilty to a "package deal".

On July 21, 2010, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on November 17, 2011.  Petitioner filed his Objection to Magistrate

Judge's Report and Recommendation on December 1, 2011.

. **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**ANALYSIS**

In Ground One, Petitioner alleges that his consecutive sentence is contrary to law. The Magistrate Judge points out that in 2009, the Supreme Court of the United

States ruled that the Sixth Amendment does not preclude a state's practice of requiring a judge to find certain facts before he can sentence a defendant to consecutive, rather than concurrent, terms of imprisonment. *Oregon v. Ice*, 555 U.S. 160 (2009). In his Objection to Report and Recommendation, Petitioner states that *Ice* is bad law and will be reversed.

The Supreme Court of Ohio struck down Ohio Revised Code §§ 2929.14 and 2929.41, which required trial judges to make factual findings before imposing consecutive sentences. *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006). In doing so, the Court relied on the decision of the Supreme Court of the United States in *Blakely v. Washington*, 542 U.S. 296 (2004), which held that a state trial court violated the Sixth Amendment's trial by jury guarantee when it imposed an increased sentence based on judicial fact finding. As a remedy, the *Foster* court severed the sentencing statutes it found unconstitutional, making the provisions of the statutes advisory only, and giving trial courts full discretion to sentence within the statutory range or to impose consecutive sentences without any judicial fact finding. *Hooks v. Sheets*, 603 F.3d 316, 319 (6th Cir. 2010). Applying *Ice*, the Sixth Circuit held in *Hooks* that the imposition of consecutive sentences consistent with the procedures approved in *Foster* does not violate the Sixth Amendment. *Hooks*, 603 F.3d at 321.

The Court finds that the trial judge did not err in sentencing Petitioner to three two-year consecutive terms, and agrees with the Magistrate Judge that Petitioner's consecutive sentences did not violate his Sixth Amendment rights. Therefore, Ground One is without merit.

In Ground Two, Petitioner alleges that his plea deal was based on a sentencing

package and the plea was coerced. The Magistrate Judge determined that the transcript of the plea hearing gives no indication of a sentencing package; judges are not required to inform defendants at a plea hearing of the potential imposition of consecutive rather than concurrent sentences; no error was made in giving Petitioner misinformation regarding his plea; and Petitioner was given a reasonable plea package.

The Court agrees with the Magistrate Judge in pointing out that after considering the state court record, the Court of Appeals's determined that Petitioner's plea was knowing, intelligent, and voluntarily made. A defendant's statements on the record during a plea colloquy that he understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing. *Boyd v. Yukins*, 99 F. App'x 699 (6th Cir. 2004). The plea colloquy process exists to ensure defendants are aware and understand what their pleas mean. If defendants were able to withdraw their pleas, this process would be pointless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Therefore, the Court finds that Ground Two is without merit.

In Ground Three, Petitioner alleges he received ineffective assistance of counsel. In his Objection to Report and Recommendation, Petitioner contends that by not objecting to the consecutive sentence, it was proof of counsel's ineffective assistance, regardless of what the record shows.

To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985). A petitioner also must demonstrate

5

that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair. *Id.* To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In his Report and Recommendation, the Magistrate Judge points out that the Court of Appeals reviewed the ineffective assistance of counsel claim in light of the clearly established federal law of *Strickland,* and found no evidence to support that Petitioner's counsel misinformed him about possible sentences and allowed him to plead guilty to an unlawful package deal. Petitioner has offered no proof beyond mere allegation that his counsel's performance was deficient. In the absence of facts beyond mere conclusory allegations, this Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable. Ground Three is without merit.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28

U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.


Date:1/5/2012                 s/Christopher A. Boyko
                               CHRISTOPHER A. BOYKO
                               United States District Judge